AMERICAN GENERAL FINANCE CORPORATION, A NEVADA CORPORATION, AND ALFRED N. BALLARD, AN INDIVIDUAL, APPELLANTS, v. FIRST COMMERCIAL TITLE, INC., A NEVADA CORPORATION, RESPONDENT.

No. 7406

August 1, 1974                    524 P.2d 1270

*Morse, Foley and Wadsworth,* of Las Vegas, for Appellants.

*Stewart and Horton, Ltd.,* of Reno, for Respondent.

304

## OPINION

*Per Curiam:*

This case began with a complaint seeking judgment for a deficiency allegedly remaining after foreclosure sale of real property pursuant to the terms of a deed of trust. The district court granted the plaintiff-respondent's motion for summary judgment in the sum of $74,648.95 plus interest, without requiring a hearing on notice to the defendant-appellants, as NRS 40.457(1) expressly requires, and this appeal follows.[1]

It seems that prior to entry of summary judgment, a purported hearing was held, but that the plaintiff-respondent's counsel inadvertently omitted to serve the defendant-appellants' then counsel with notice thereof. Manifestly, the proceedings at that purported hearing were void. Turner v. Saka, 90 Nev. 54, 518 P.2d 608 (1974); Maheu v. District Court, 88 Nev. 26, 493 P.2d 709 (1972); Reno Raceway, Inc. v. Sierra Paving, 87 Nev. 619, 492 P.2d 127 (1971).

Subsequently, on the basis of expert testimony concerning value taken at such "hearing," counsel for the plaintiff-respondent moved for summary judgment, this time giving notice. In opposition, counsel for the defendant-appellants submitted the affidavit of the individual defendant, clearly stating that a hearing was desired and that opposing expert testimony regarding value was available. However, notwithstanding this, the

---

[1]NRS 40.457(1) provides:

"Before awarding a deficiency judgment under NRS 40.455, the court shall hold a hearing and shall take evidence presented by either party concerning the fair market value of the property sold as of the date of foreclosure sale or trustee's sale. Notice of such hearing shall be served upon all defendants who have appeared in the action and against whom a deficiency judgment is sought, or upon their attorneys of record, at least 15 days before the date set for hearing."

district court entered summary judgment, without permitting a hearing.

· This was error. In our view, a district court may not deny an alleged debtor the right to a full hearing on the issue of value, which NRS 40.457(1) envisions, at least where the alleged debtor has not either expressly or by implication waived his right to cross-examine the plaintiff's witnesses or to present his own.

Reversed and remanded.