NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CXA-10 CORPORATION, a Texas Corporation, | No. 14-17537 |
| Plaintiff-Appellee, | D.C. No. 2:12-cv-01554-JCM-PAL |
| v. | |
| BARRY A. FORD, an individual, | **MEMORANDUM**[*] |
| Defendant-Appellant. | |

Appeal from United States District Court for the
For the District of Nevada
James C. Mahan, District Judge Presiding

Submitted December 16, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Appellant Barry Ford appeals from a grant of summary judgment for

Appellee CXA-10 Corporation ("CXA") in a district court action filed by CXA to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

enforce Ford's personal guarantees on a loan. The district court granted summary judgment in CXA's favor on liability for the deficiency; Ford subsequently moved for summary judgment on the amount of that deficiency. Ford contends that the district court abused its discretion in failing to accept additional briefing prior to ruling on the deficiency amount, and erred as a matter of law by failing to hold an evidentiary hearing, considering new evidence in CXA's response to Ford's motion for summary judgment, and entering summary judgment in CXA's favor. Ford's arguments fail on all counts.

Ford first contends that the district court abused its discretion by preventing him from briefing the deficiency amount. However, the record indicates that a briefing schedule was set, and that Ford simply failed to submit a brief as scheduled. While Ford may have been reasonably confused about whether the briefing schedule was still in effect in light of the stay of the evidentiary hearing, he never asked for clarification on that point, nor did he request an extension once he was on notice that briefing was warranted. Moreover, Ford submitted a summary judgment motion on the deficiency amount; in substance, he therefore had (and in fact exercised) the opportunity to brief the amount of the deficiency.

Ford next argues that the district court erred by declining to hold an evidentiary hearing. Nevada law requires that "[b]efore awarding a deficiency judgment under NRS 40.455, the court shall hold a hearing and shall take evidence

presented by either party concerning the fair market value of the property sold as of the date of foreclosure sale." NRS § 40.457(1). Where fair market value of a property is at issue, this hearing is mandatory. *See, e.g.*, *Branch Banking & Trust Co. v. Pebble Creek Plaza, LLC*, 46 F. Supp. 3d 1061, 1076 (D. Nev. 2014). Here, however, fair market value of the property was *not* at issue; rather, Ford himself moved for summary judgment on the deficiency amount, relying upon the previously established fair market value of the sold property. Moreover, in light of Ford's own motion for summary judgment relying on the agreed-upon fair market value, Ford has waived any right to an evidentiary hearing through his own assertion that the value was an uncontested fact. *See Am. Gen. Fin. Corp. v. First Commercial Title, Inc.*, 524 P.2d 1270, 1271 (Nev. 1974) (per curiam).

Ford points to the district court's consideration of previously undisclosed evidence when determining the deficiency amount as an abuse of discretion. We do not believe consideration of the evidence in question was improper, but we need not reach that point, as Ford has failed to explain how he was prejudiced by the late disclosure. Ford seems to believe that because the evidence was relevant to CXA's case, it was necessarily prejudicial; by that standard, nearly any evidence would qualify as "prejudicial." Absent a showing of prejudice, any hypothetical error was harmless.

3

Finally, contrary to Ford's assertion, CXA's status as the nonmovant does not preclude the district court from entering summary judgment in its favor. *See* Fed. R. Civ. P. 56(f). To be sure, a district court must provide the party against whom judgment will be entered an opportunity to respond to the prevailing party's evidence. *See id*. Ford received that opportunity, as he himself filed a motion purporting to set forth all the relevant facts for a finding of deficiency, and then subsequently had the opportunity to reply to CXA's response. CXA met its burden of showing that no genuine issue of material fact remained regarding deficiency by presenting uncontroverted evidence supporting its figure for consideration. Entry of summary judgment for CXA on the deficiency amount was therefore proper.

AFFIRMED.